COMSTOCK *v.* ALPENA CIRCUIT JUDGE.

VENUE—CHANGE—APPLICATION—TIME—COURT RULE—CONSTRUCTION.

Circuit Court Rule No. 58, prescribing the time within which applications for change of venue shall be made, is limited in its scope to proceedings in court, and has no application to proceedings taken under sections 10105 et seq., 3 Comp. Laws, which may be taken before a circuit court commissioner of the county where the suit is pending or the judge of an adjoining circuit.

Mandamus by Andrew W. Comstock and another to

compel Main J. Connine, acting circuit judge of Alpena county, to grant a change of venue.   Submitted March 24, 1908.   (Calendar No. 22,747.)   Writ granted March 31, 1908.

*Joseph H. Cobb*, for relators.

*Charles R. Henry*, for respondent.

MONTGOMERY, J.   Relator made application to the respondent to order the transfer of a case pending in the circuit court for the county of Alpena to another circuit. The proceedings taken were under the act entitled, "An act to provide for the transfer of causes from one circuit to another, in certain cases," and embodied in sections 10105 et seq., 3 Comp. Laws.   The showing made was that the circuit judge of Alpena county was within the degree of affinity which would exclude a juror from sitting in the cause, and complied with the requirements of the statute referred to.   The application was refused for the reason that it was not made within 10 days from the date of joining issue, and it was held for this reason not to comply with Circuit Court Rule 58.

In 1905 a statute was enacted, Act No. 309, Pub. Acts 1905, which was amendatory of the statute providing for a change of venue, this act providing in section 10 that for certain causes "courts may change the venue of any criminal action *pending therein*, * * * and shall change the venue of any civil action *pending therein* upon the application of either party."   This statute has never been held to have abrogated the statute first above referred to.

In view of the abuses to which Act No. 309, Pub. Acts 1905, was open, the court, in February of 1906, adopted Circuit Court Rule 58 which provided:

"Motion for a change of venue in any civil cause shall be entered and notice of hearing served within ten days after the cause shall be at issue, unless the moving party shall make it appear to the satisfaction of the court, that

the facts upon which the application is based have come to his knowledge after the time above limited," etc. 137 Mich. xxxvii.

This rule was not·intended to abrogate the provisions of section 10106, 3 Comp. Laws, nor does it in terms conflict with that section. Circuit Court Rule 58 relates of necessity to court proceedings, and it was adopted under the authority vested in this court to provide rules of practice for the circuit court. It is limited in its scope to proceedings *in court*, while section 10106 authorizes an application to be made to a *circuit court commissioner* of the county where the suit is pending or to the *judge of an adjoining circuit*. Rule 58 therefore has no application to such proceedings, and the circuit judge was in error in refusing the application on this ground.

Mandamus is now asked to require him to take action and to direct a transfer of the cause, and a writ in this form will issue.

OSTRANDER, HOOKER, MOORE, and CARPENTER, JJ., concurred.